UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ISMAEL HERNANDEZ JUAREZ,

                Petitioner,

    v.

JULIO HERNANDEZ, et al.,

                Respondents.

Case No. C26-2332-SKV

ORDER SETTING SUPPLEMENTAL
BRIEFING SCHEDULE

Petitioner filed a petition for a writ of habeas corpus challenging the adequacy of his April 24, 2026, bond hearing provided pursuant to an order by the Honorable Tiffany M. Cartwright.  *See* Dkt. 1 at 9; *Carranza v. Hernandez*, No. C26-1044-TMC, 2026 WL 879251, at *2 (W.D. Wash. Mar. 31, 2026) ("Within fourteen days of receiving Petitioner Ismael Hernandez Juarez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).").  Petitioner argued that the immigration judge ("IJ") erred by applying a clear and convincing evidence standard, instead of a preponderance standard, to find Petitioner did not meet his burden to demonstrate he was not a flight risk.  *See* Dkt. 1 at 10–13. Petitioner also argued that factors the IJ was required to consider compel the conclusion that Petitioner is not a flight risk, and that his allegedly defective bond hearing violated Judge

ORDER SETTING SUPPLEMENTAL BRIEFING
SCHEDULE - 1

Cartwright's prior order conditionally granting release unless Respondents "provide him a bond hearing under 8 U.S.C. § 1226(a)[]" within two weeks.  *Carranza*, 2026 WL 879251, at *2; *see* Dkt. 1 at 14-20, 28.

Respondents filed a response conceding that the IJ applied the wrong standard.  *See* Dkt. 6 at 2; Dkt. 8-4 at 5 (IJ's order denying bond and holding that, "[v]iewing this matter through the applicable burden, which is the Respondent's to overcome, . . . Respondent has not established by clear and convincing evidence that he is not a flight risk given his current situation.").  However, Respondents reported that they arranged for a new bond hearing to occur on July 21, 2026, and asked the Court to permit the agency to correct its error instead of ordering Petitioner's release.  *See* Dkt. 6 at 5-6; Dkt. 8-5 at 2 (Notice of Custody Redetermination Hearing in Immigration Proceedings for the July 21, 2026, bond hearing).

In his Reply, Petitioner confirmed that a second bond hearing took place, which also resulted in a bond denial.  *See* Dkt. 9 at 8.  He reasserted his prior arguments and argued that the IJ again failed to meaningfully apply the proper standard and that none of the factors the IJ considered supported a flight risk finding as a matter of law.  *Id.* at 8-9.

The second bond hearing allowed the IJ opportunity to reconsider Petitioner's request under the correct legal standard.  The IJ's decision and rationale from the second bond hearing are now operative.  Challenges to the adequacy of the second bond hearing should have been raised in an amended or a fresh petition, not a reply.  *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief.  In order for the State to be properly advised of additional claims, they should be presented in an amended petition or[] . . . in a statement of additional grounds.  Then the State can answer and the action can proceed.").  Because Petitioner's claims have shifted to challenge the second

ORDER SETTING SUPPLEMENTAL BRIEFING
SCHEDULE - 2

bond hearing, and Respondents have had no opportunity to respond, address exhaustion in view of that hearing, or further develop the record, the Court is not positioned to consider the sufficiency of the second bond hearing at this time.[1]  However, finding it to be in the interest of justice and efficient docket management, the Court will construe Petitioner's reply as an amendment to his petition challenging the second bond hearing.  The Court will permit Petitioner an opportunity to supplement his filing with additional arguments and information on exhaustion, including whether he has appealed the second bond decision so as to trigger generation of a written order by the IJ, **by August 11, 2026**.  Respondents shall file a supplemental return **within 7 days** of that supplemental filing.  Petitioner's supplemental reply shall be due **within 5 days** of the supplemental return.

Dated this 5th day of August, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

---

[1] Petitioner also appears to argue that where Respondents provide a bond hearing pursuant to court order, but that hearing ultimately suffers from legal error, a *per se* violation of the court's order occurs.  *See* Dkt. 1 at 28; Dkt. 9 at 2.  Here, the error was voluntarily corrected by the agency, presumably in an effort to comply with Judge Cartwright's order.  Petitioner does not address whether the subsequent correction mooted that particular claim.  The Court finds this argument loosely developed and declines to further address it at this time.

ORDER SETTING SUPPLEMENTAL BRIEFING
SCHEDULE - 3